# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH,<br><br>          Plaintiff,<br><br>v.<br><br>SCOTT L. GOLLAHER,<br><br>          Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-cv-309-DB<br><br>District Judge Dee Benson |

Before the court is the United States' motion to dismiss, requesting denial of Defendant Scott Gollaher's removed state court motion to compel compliance with a subpoena. (Dkt. No. 11.) The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to Rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

## BACKGROUND

This case before the court arises from a criminal case brought by the State of Utah against Defendant in the Third Judicial District Court in and for the County of Salt Lake, State of Utah. Defendant is charged with one count of Sodomy on a Child, a first degree felony under Utah Code Ann. § 76-5-403.1, and ten counts of Sexual Exploitation of a Minor, second degree felonies under Utah Code Ann. § 76-5b-201. (Dkt. No. 13-1 at 10.)

On August 21, 2013, Defendant filed subpoenas duces tecum seeking to compel the testimony and production of documents from Federal Bureau of Investigation (FBI) Special Agents Jeff Ross, Randy Kim, and Eric Zimmerman (collectively, "the agents"). (*Id.* at 11.) On

September 26, 2013, the United States filed a *Touhy* memorandum seeking to limit the testimony and production of documents sought in Defendant's subpoenas. (*Id.*) Defendant filed numerous separate subpoenas requiring production of the agents' reports, filed notes, recordings, and testimony. (*Id.* at 14.) According to Defendant, each time the agents were subpoenaed, the United States Attorney's Office indicated to defense counsel that the Department of Justice ("DOJ") did not authorize the agents to produce the requested documents and limited the scope of the agents' testimony. (*Id.*) Defendant objected to the government's failure to comply with his subpoenas, and the magistrate court denied Defendant's subsequent motions, finding that it lacked jurisdiction to grant the relief requested as to the federal agents, but stayed the criminal case to allow Defendant to seek extraordinary relief. (*Id.*; Dkt. No. 11 at 2.)

On December 19, 2014, the Third Judicial District Court denied Defendant's petition for extraordinary relief, holding that under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) the state court "[did] not have jurisdiction to compel the testimony of federal employees or to compel the production of documents from federal employees when they have not been authorized to do so by the [DOJ] pursuant to its . . . regulations." (Dkt. No. 11 at 3.) The trial court's decision was upheld by the Utah Court of Appeals. *See Gollaher v. State of Utah*, 405 P.3d 831 (2017). The Court of Appeals noted that Defendant's sole remedy for challenging DOJ's decision is to file a federal civil action under the Administrative Procedure Act ("APA"). *Id.* at 835-36. Defendant's Petition for Writ of Certiorari with the Utah Supreme Court was denied on November 20, 2017. *Gollaher v. State*, 409 P.3d 1048 (Utah 2017).

After the Utah Court of Appeals' decision, Defendant then issued state court subpoenas to the agents requesting the same materials. (Dkt. No. 11 at 3.) When the U.S. Attorney's Office informed Defendant that he would need to comply with DOJ's *Touhy* regulations, Defendant

again filed a motion to compel compliance with the subpoenas in the state court. (*Id.* at 3-4.) The United States then removed this action to the U.S. District Court for the District of Utah under 28 U.S.C. § 1442(a) and (d) to resolve the issue of Defendant's motion to compel the three subpoenas issued to the agents. (Dkt. No. 2.)

In its motion to dismiss, the United States argues that Defendant's state-level motion to compel is frivolous, and that the court should deny Defendant's subpoenas because the state courts lack jurisdiction to compel the agents' compliance with the subpoenas under *Touhy* and based on sovereign immunity. (Dkt. Nos. 2, 13.) Defendant responds by arguing that the Compulsory Process Clause of the Sixth Amendment and the Due Process Clause of the Fifth Amendment provide defendants in criminal cases the power to exercise the right of compulsory process "without jurisdictional limitation pursuant to claims of sovereign immunity or the Supremacy Clause." (Dkt. No. 12.) Defendant therefore contends that the agents should be compelled to testify and that the government should be compelled to produce the requested investigation files. (*Id.* at 15.)

## DISCUSSION

Civil actions or criminal prosecutions commenced in state court against or directed to "the United States or any agency thereof or any officer (or any person acting under that officer) of the United States . . . for or relating to any act under color of such office" may be removed to federal district court. 28 U.S.C. § 1442(a). This case is thus properly removed and this court has jurisdiction to hear the United States' motion to dismiss Defendant's state court motion to compel.

While Section 1442(a) allows for *removal* of these kinds of state court actions directed to federal officers or agents, it does not allow a federal court to substitute its judgment for that of a final state court judgment rendered on that issue. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the U.S. Supreme Court held that "no court of the United States other than [the U.S. Supreme Court] could entertain a proceeding to reverse or modify the judgment" of a state court on constitutional grounds, even if the constitutional question was wrongly decided by the state court. Accordingly, under what has become known as the *Rooker-Feldman* doctrine, federal district courts have no power to overrule a final state court judgment based on the state court's misinterpretations or violations of the U.S. Constitution; the only federal court to which such challenges may be brought is the U.S. Supreme Court.[1]

Additionally, under the doctrine of derivative jurisdiction, "[i]f the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none" upon removal (unless the case is removed under 28 U.S.C. § 1441).[2] *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922). "[T]he majority of the circuit courts of appeals that have addressed this issue, including the Tenth Circuit, have determined that federal courts' jurisdiction remains derivative of state courts' jurisdiction for those cases removed under statutes other than 28 U.S.C. § 1441." *Jiron v. Christus St. Vincent Reg'l Med. Ctr.*, 960 F. Supp. 2d 1147, 1150 (D.N.M. 2012). Thus, if a state court determines that it lacks jurisdiction in a particular matter,

---

[1] *See, e.g.*, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (holding that U.S. district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the U.S. Supreme Court]."); *Anderson v. State of Colo.*, 793 F.2d 262, 264 (10th Cir. 1986) (affirming that U.S. district courts "do not have jurisdiction to review final state-court judgments" in judicial proceedings).

[2] *Cf.* 28 U.S.C. § 1441(f) ("The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.").

and that action is removed under 28 U.S.C. § 1442, the federal district court inherits any state-court level jurisdictional defects that existed prior to removal.

In this case, the Third Judicial District Court and the Utah Court of Appeals both relied on *Touhy* to determine that the state court lacks jurisdiction to compel federal agents' compliance with subpoenas where the agents have not been authorized to do so by the agency pursuant to its *Touhy* regulations, including in criminal cases. Under 5 U.S.C. § 301, Congress has authorized federal agencies to "prescribe regulations" for "the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." The DOJ has promulgated regulations pursuant to this authority that, among other things, prohibit the unauthorized production or disclosure of information by agency employees in state proceedings in which the United States is not a party. *See* 28 C.F.R. §§ 16.21 to 16.29. As the Third Judicial District Court observed, "[t]he [DOJ] declined to expand the authorization for testimony that had already been provided, informed Petitioner that two of the agents did not have any documents responsive to the subpoenas, and stated that one of the agents was prohibited from disclosing any documents pursuant to 28 C.F.R. § 16.26(b)(4)-(5)." Accordingly, the court determined that it lacked the authority to enforce Defendant's subpoenas, and the decision was affirmed by the Utah Court of Appeals.

The state court's determination regarding its lack of jurisdiction to enforce Defendant's subpoenas against the agents constitutes a "final state-court judgment." Thus, under *Rooker-Feldman* this court lacks jurisdiction to review this final state-court judgment. Separately, because the state court lacks jurisdiction to enforce the subpoenas against federal employees in this case, this court inherits the same jurisdictional deficiency under the doctrine of derivative jurisdiction, and does not acquire authority to enforce these subpoenas upon removal under 28

U.S.C. § 1442. Accordingly, the court finds Defendant's reissued subpoenas to be frivolous, and now ORDERS that his motion to compel the subpoenas is dismissed.[3]

This decision does not bar a defendant from pursuing other avenues for challenging the constitutionality of an agency's disclosure determinations pursuant to its *Touhy* regulations. As noted above, a defendant may petition the U.S. Supreme Court to review the state court's decision. Alternatively, after exhausting administrative remedies at the agency level, a defendant may file an APA action[4] in federal district court to challenge the constitutionality of an agency's disclosure determination. *See Edwards v. United States Dep't of Justice*, 43 F.3d 312, 316-17 (7th Cir. 1994) (holding that review of an agency's decision under *Touhy* to disclose subpoenaed information "has to be an APA claim directed at the agency, the United States, or the employee thereof" and "must be in federal court pursuant to 5 U.S.C. § 702, rather than in a state court that lacks jurisdiction."); *see also In re S.E.C. ex rel. Glotzer*, 374 F.3d 184, 189 (2d Cir. 2004) (finding that "[a]bsent exhaustion, [an agency's] decision is neither 'final' nor 'subject to judicial review.'").

---

3   *See, e.g.*, *Smith v. Cromer*, 159 F.3d 875, 883 (4th Cir. 1998) (finding that the federal district court did not err in its determination to quash state subpoenas against federal officers, which had been removed under 28 U.S.C. 1442(a)(1), because state compulsory process was barred against the officers).

4   *See generally* the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706.

## <u>CONCLUSION</u>

For the foregoing reasons, the United States' motion to dismiss Defendant's removed motion to compel is hereby GRANTED.

DATED this 4th Day of March, 2019.


BY THE COURT:

_____
Dee Benson
United States District Judge